IDA C. CALLOWAY AND CASON J. CALLOWAY, EXECUTORS, ESTATE OF FULLER E. CALLOWAY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32146.   Promulgated February 7, 1930.

*Hatton Lovejoy, Esq.*, for the petitioners.
*W. F. Gibbs, Esq.*, for the respondent.

1060

OPINION.

TRAMMELL: The parties stipulated, and we have found, that the 255 shares of stock of the West Boylston Manufacturing Co., acquired subsequent to March 1, 1913, cost the taxpayer $16,510.68. We have also found that he sold this stock in 1923 to the trustee corporation for $2,550. He thus sustained a loss in 1923 of $13,-960.68, which is the amount claimed as a deduction in his return for said year. The deduction was disallowed by the respondent, however, for the reason that it was held not to be a closed transaction in which a loss had been sustained, but was a transfer of property to a trust created for the taxpayer's wife and children. The respondent contends in his brief that the alleged loss should be disallowed because the transaction did not represent a bona fide sale. We are unable to concur in these contentions of the respondent.

When the stock was sold by Fuller E. Calloway to the trustee corporation, he definitely parted with both the legal and equitable ownership of the property, and also the control over it passed out of his hands. The legal title, together with the exclusive management and control of the stock, became vested in the corporate trustee, and the equitable title was vested in the beneficiaries. The stock was paid for with surplus income funds of the trust estate, consisting of dividends and interest accumulated from investments. Control of the trustee corporation was not in Calloway, since he held only four out of the 10 shares of its capital stock, and in creating the trust estate for the benefit of his wife and children, he did not retain the power of revocation. The West Boylston stock was sold to the trust estate at its then current market price or value, and Calloway could have repossessed the stock only by purchase from the trustee or the unanimous written consent of all the beneficiaries under the trust agreement.

The evidence, from which we have found the facts above set out, establishes, we think, that the transaction in question constituted a bona fide sale, as a result of which the taxpayer sustained the loss claimed. The respondent erred in disallowing the deduction.

*Judgment will be entered under Rule 50.*